**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DOUGLAS L. PRESTIDGE,

　　　　　Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

　　　　　Defendant - Appellee.

No. 14-16740

D.C. No. 2:14-cv-00412-DLR

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted July 21, 2015**

Before:　　CANBY, BEA, and MURGUIA, Circuit Judges.

　　Douglas L. Prestidge appeals pro se from the district court's judgment

dismissing his civil action alleging negligence, medical malpractice, and other

various claims in connection with medical care provided by the Department of

---

　　*　　This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

　　**　　The panel unanimously concludes this case is suitable for decision
without oral argument.　*See* Fed. R. App. P. 34(a)(2).　Accordingly, we deny
Prestidge's request for oral argument set forth in his opening brief.

Veterans Affairs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal based on res judicata. *Cabrera v. City of Huntington Park*, 159 F.3d 374, 381 (9th Cir. 1998). We affirm.

The district court properly dismissed the action because Prestidge's claims were raised, or could have been raised, in a prior federal action between the parties that resulted in a final judgment on the merits. *See id.* (elements of res judicata); *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956-57 (9th Cir. 2002) (the doctrine of res judicata bars subsequent litigation both of claims that were raised and those that could have been raised in the prior action).

We reject Prestidge's contention that the district court erred by decision to consolidate the cases. *See* Fed. R. Civ. P. 42(a); *Burchinal v. Cent. Wash. Bank* (*In re Adams Apple, Inc.*), 829 F.2d 1484, 1487 (9th Cir. 1987) ("[C]onsolidation is within the broad discretion of the district court.").

We reject Prestidge's contention that the district court erred by not granting his request for oral argument, as the district court was not required to do so under the local rules and, in any event, there is no showing of prejudice. *See Houston v. Bryan*, 725 F.2d 516, 518 (9th Cir. 1984).

We do not consider arguments not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir.

2009) (per curiam).

We grant Prestidge's motion to accept his late-filed reply brief.

**AFFIRMED.**